**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00180-JLS-DFM                                      Date: March 30, 2022
Title:  Brian Whitaker v. Mondher El Ouaer

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                        Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING MOTION TO ENFORCE THE TERMS OF THE SETTLEMENT AGREEMENT (Doc. 31)**

   Before the Court is a Motion to Enforce the Terms of the Settlement Agreement filed by Plaintiff Brian Whitaker.  (Mot., Doc. 31.)  Defendant Mondher El Ouaer did not oppose.  The Court finds this matter appropriate for decision without oral argument, and the hearing set for April 1, 2021, at 10:30 a.m. is VACATED.  Fed. R. Civ. P. 78(b); L.R. 7-15.  For the following reasons, the Court GRANTS Plaintiff's Motion.

   On January 26, 2021, Plaintiff filed the instant action against Defendant alleging violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. (Compl. Doc. 1.)  In August 2021, "the parties settled the matter for $8,500 to be paid over twelve (12) months."  (Declaration of Amanda Seabock ("Seabock Decl.") ¶ 2, Doc. 31-2.)  Consequently, on August 10, 2021, the mediator in this case advised the Court that the matter had fully settled.  (Doc. 24.)  However, on September 30, 2021, Plaintiff filed a Request to Return Case to Active Calendar because "the settlement ha[d] fallen through as Defendant has ceased responding to or interacting with Plaintiff in any way." (Request to Return Case to Active Calendar, Doc. 25.)  The Court ordered the mediator to "apprise the Court . . . as to whether an enforceable settlement agreement was reached at the mediation." (Order, Doc. 26.)  The mediator filed a report noting, among

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00180-JLS-DFM                                    Date: March 30, 2022
Title:  Brian Whitaker v. Mondher El Ouaer

other things, that the defendant "agreed to a payment plan of 12 months" and a "[s]ettlement in the amount of $8,500 was agreed to by all parties verbally." (Declaration of Mediator Linda B. Martin ("Martin Decl.") ¶ 4, Doc. 27.)

The Court held a status conference regarding the parties' settlement, which Defendant did not attend. (Doc. 30.) The Court ruled that it would reopen the case but for the limited purpose of enforcing the settlement between the parties. (*Id.*; *see also* Order, Doc. 33.) Plaintiff thereafter filed the instant Motion seeking to enforce the agreement between the parties settling the matter for $8,500. (Mot., Doc. 31; Mem., Doc. 31-1.)[1] Plaintiff notes that "[d]espite agreeing to a settlement with the mediator in August of 2021, Defendant has failed to take any steps towards the conclusion of this process." (Seabock Decl. ¶ 12, Doc. 31-2.)

The deadline to oppose has passed and, to date, Defendant has filed no opposition. "The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion [.]" L.R. 7-12; *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Thus, Defendant's failure to oppose is, by itself, sufficient basis to grant the Motion. However, the Court has also reviewed the declarations submitted by the mediator and Plaintiff in this case as well as the supporting exhibits filed by Plaintiff. And the Court finds that the parties entered into an enforceable contract as the evidence shows that the parties reached an oral agreement as to the material terms of the settlement. *See Khajavi v. Feather River Anesthesia Med. Grp.*, 84 Cal. App. 4th 32, 61 (2000) (providing that "[n]egotiations can result in a binding oral contract . . . even though the parties intend to later execute a formal writing." (internal quotation marks omitted)); *VACC, Inc. v. Davis*, 823 F. App'x 474, 476 (9th Cir. 2020) (noting that "California permits an oral agreement to give rise to a binding

---

[1] Plaintiff has filed proof that he served the Motion on Defendant. (Proof of Service, Doc. 31-6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00180-JLS-DFM                                Date: March 30, 2022
Title: Brian Whitaker v. Mondher El Ouaer

contract"). The parties orally agreed to settle the case for $8,500, which Defendant would pay over 12 months. Moreover, the parties' actions outside the mediation indicated that they assented to the terms as agreed to before the mediator. (*See*, *e.g.*, Ex. 3 to the Seabock Decl., Doc. 31-4.)

Accordingly, Plaintiff's Motion is GRANTED. Defendant shall pay Plaintiff $8,500 in exchange for Plaintiff's dismissal of this case pursuant to the parties' agreement. Plaintiff is ORDERED to file a proposed final judgment within **five (5) days** of the entry of this Order.

Initials of Deputy Clerk: mku